THOMAS H. RODMAN AND OTHERS, RESPONDENTS, *v.* JEREMIAH DEVLIN AND HENRY F. SPAULDING, EXECUTORS, ETC., OF DANIEL DEVLIN, APPELLANTS, AND JAMES M. WILLIAMS, RESPONDENT.

*Agreement — when the only remedy of a party thereto is in equity — when his claim is only barred by the ten years' statute of limitation — When an action is not barred by a judgment entered in a former action.*

On February 23, 1865, the plaintiffs' assignor Schell and others signed an agreement, by which they agreed to pay the amounts set opposite to their names, for the purchase of certain real estate, to Daniel Devlin, the payments to be made to said Devlin, the defendants' testator, in whose name the title of the property was to be taken, the property to be put into an association for its development, upon such terms as the subscribers might thereafter elect. On February 12, 1875, this action was brought to compel the said Devlin's executors to account for the moneys received and expended by him under the agreement.

*Held,* that the plaintiffs had no right to bring an action at law upon the agreement, and that as their only remedy was in equity the ten and not the six years' statute of limitation was applicable to the claim.

In 1867 Getty, one of the subscribers, brought an action against Devlin, to which all the other subscribers were made parties, in which he asked for a general accounting, and that the share of each party, including that of Schell, the assignor of the plaintiffs in the present action, should be ascertained and determined. In that action Schell interposed no answer. Subsequently an order was made therein allowing the complaint to be amended, and limiting the benefit of the action to the plaintiff and those defendants who had answered therein.

*Held,* that the judgment entered therein did not bar Schell or his assignees from maintaining this action.

APPEAL from an interlocutory judgment of the Special Term, in favor of the plaintiffs, directing an accounting, etc.

The action was begun by Richard Schell as plaintiff for an accounting. Daniel Devlin, now deceased, the appellants' testator, with one Arkenburgh and Bryan, had signed an agreement for the purchase by them and other persons, whose subscriptions were solicited and obtained to it, of certain oil lands and leases of lands in Ohio. Among the subscribers were Richard Schell and Duffy and Williams, of whom James M. Williams is survivor, to the amount of $5,000 each, which was paid to Daniel Devlin, the treasurer of the parties. It was claimed, and found by the court, that, before the date of this agreement, the three individuals above named had purchased and were owners of these lands and leases, and that they had paid for them a much smaller sum than that at which the subscribers had agreed to purchase them, and that these facts had not been disclosed to the other subscribers, and that the three had divided among themselves the difference between the original cost of the lands and leases and the amount which the subscribers paid for them under the agreement.

The agreement is dated the 23d day of February, 1865, and on the 15th day of March, 1865, Duffy and Williams, and on the 16th day of March, 1865, Schell, paid their respective subscriptions.

The action was begun on the 12th day of February, 1875, and the defendant Williams served his answer subsequent to the 1st of October, 1875. Both the plaintiffs and the defendant Williams claim judgment against the executors for an accounting, etc.

In the year 1867, Robert P. Getty and others commenced an action, in which all the subscribers to the agreement were made parties, either as plaintiffs or defendants, Schell and Duffy and

Williams being included among the latter. Schell served no answer. Thereafter an order was made therein, amending the complaint and limiting the benefit of the action to the plaintiff and those defendants who had answered. (See *Getty* v. *Devlin's Executors*, 70 N. Y., 504.)

The defenses were: 1st. The statute (six years) of limitation. 2d. The action and judgment in the aforementioned suit of *Getty* v. *Devlin's Executors.*

*John E. Devlin*, for the appellants.

*Francis N. Bangs* and *Francis Lynde Stetson*, for the plaintiffs, respondents.

*F. F. Marbury*, for the respondent Williams.

PER CURIAM:

The following opinion was delivered in this case by the learned judge who presided at the trial:

VAN BRUNT, J.:

Before considering the points raised by the counsel for the defendants, it is proper that we should see just what has been proven in this action.

The plaintiff proved the signing of the agreement in the complaint mentioned, which is as follows:

"We, the undersigned, do hereby subscribe and agree to pay forthwith, the amounts set opposite our names for the purchase of property in Washington, Monroe and Athens counties, Ohio, as per memorandum annexed, being leasehold interest on 745 acres and 207 acres in fee, at the sum of one hundred and twenty-five thousand dollars ($125,000), payments to be made to Daniel Devlin, Esq., at Broadway Bank, trustee for the purchasers, in whose name the title to property shall be taken, said property to be put into an association for development, upon such terms as these subscribers may elect after this subscription is completed. New York, 23d February, 1865."

He then proved the payment of his subscription to Daniel Devlin,

and he now asks in this action for an account of the expenditure of this money, and that is all.

The defenses are that the plaintiff has no cause of action; that the judgment in the case of *Getty* v. *Devlin* is a bar to this action.

As to the first defense, it is sufficient to say that a *cestui que trust* has the right to file a bill to call his trustee to an account, when no accounting has taken place between the parties after the purposes of the trust have been fulfilled.

The claim that the statute of limitation has barred the plaintiff's claim is founded upon the assumption that the plaintiff had also a remedy at law as well as in equity.

I am entirely unable to see what cause of action at law the evidence in this case establishes. No fraud has been proven or attempted to be proven which would give the plaintiff a right of action at law. He has simply proven the deposit of the money in the hands of a trustee, and he now asks the trustee to account, and for this purpose he has made parties to this action every person who can have any interest in the accounting.

It seems to me that this is purely an equitable action, and that the plaintiff had no remedy at law.

The judgment in the Getty suit would probably have been a bar were it not for the form of the order entered in that action February 28, 1873, allowing an amended complaint to be. served. It was not at all necessary for the defendant Schell to answer in that action in order to protect his rights.

The plaintiffs asked for him all the relief he could get by answering, and all that it was necessary for him to do was to see that his rights were protected upon the accounting; but before any accounting was ordered or decree entered, by the order allowing an amended complaint, all the relief in the action was limited to those who had answered, and the action was thereafter prosecuted only for the benefit of the parties who had complained or answered, and by this order the defendant Schell was deprived of all participation in the benefits of that action, and which he was entitled to by virtue of the complaint served upon him. I fail to see how any judgment in the Getty suit could be a bar to this action."

We have gone over the points furnished us by the learned counsel and have examined the authorities cited. The result of this examination, and of a careful consideration of the case, is the opinion that the judgment of the Special Term, for the reasons there assigned, is correct and should be affirmed. We might dwell more fully and elaborately upon the positions taken, but without adding anything to their strength. We are quite satisfied to affirm the judgment upon this opinion of Mr. Justice VAN BRUNT.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judgment affirmed, with costs.